Filed    24-CI-00116    11/05/2024    Carmolitta Morgan-Pace, Leslie Circuit Clerk

EXHIBIT A

**COMMONWEALTH OF KENTUCKY
LESLIE COUNTY CIRCUIT COURT
CASE NO. _____**

COURTNEY PUGH                                                                                    PLAINTIFF

v.

ENSEMBLE RCM, LLC                                                                            DEFENDANT

        **Serve:**
        ENSEMBLE RCM, LLC
        c/o CT Corporation System
        Registered Agent
        306 West Main Street, Suite 512
        Frankfort, KY 40601

**COMPLAINT**

    Plaintiff, Courtney Pugh, by and through undersigned counsel, as her Complaint against

Defendant Ensemble RCM, LLC ("Ensemble"), states and avers the following:

**PARTIES, JURISDICTION, AND VENUE**

1.    Courtney Pugh is resident of the city of Essie, county of Leslie, state of Kentucky.

2.    At all times herein, Pugh was acting in the course and scope of her employment.

3.    Ensemble is a foreign corporation that does business at 11511 Reed Harman Highway,

    Cincinnati, OH 45241.

4.    Ensemble is and, at all times herein, was an employer within the meaning of K.R.S. §

    344.010, *et seq.*

5.    Pugh is, and was at all times hereinafter mentioned, an employee within the meaning of

    K.R.S. §338.015(2).

6.    The relevant location of the events and omissions of this Complaint took place was 275

    Upper Grassy Branch Rd., Essie, Kentucky 40827.

Filed    24-CI-00116    11/05/2024    Carmolitta Morgan-Pace, Leslie Circuit Clerk

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000001 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000001 of 000011

Filed        24-CI-00116        11/05/2024        Carmolitta Morgan-Pace, Leslie Circuit Clerk

7. Venue is properly placed in the Leslie County Circuit Court because it is the circuit court for the circuit, division, and county in which the substantial part of the events or omissions giving rise to Pugh's claims occurred.

8. Therefore, personal jurisdiction is proper over Defendant pursuant to K.R.S. §454.210(2)(a)(3).

9. This Court is a court of general jurisdiction over the claims presented herein, including all subject matters of this Complaint.

**FACTS**

10. Pugh is a former employee of Ensemble.

11. On or about February 20, 2017, Pugh was hired by Ensemble.

12. Pugh worked for Ensemble as a Bedded Insurance Authorization Representative and Pre-Access Representative.

13. Pugh is female.

14. In or about April 2023, Pugh found out she was pregnant.

15. In or about April 2023, Pugh informed Ensemble that she was pregnant.

16. In or about April 2023, Pugh asked for time off to accommodate doctor's visits.

17. In or about April 2023, Ensemble denied Pugh's time off requests.

18. During all relevant times, Pugh qualified for FMLA leave.

19. Pugh placed Ensemble on notice of the need for medical leave.

20. Ensemble was, at all times hereinafter mentioned, engaged in commerce or in an industry or activity affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year and therefore is an employer as defined in 29 U.S.C §2611(4).

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000002 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000002 of 000011

Filed 24-CI-00116 11/05/2024 Carmolitta Morgan-Pace, Leslie Circuit Clerk

21. At all times relevant herein, Pugh was employed by Ensemble for at least 12 months and had at least 1,250 hours of service with Ensemble and therefore was an "eligible employee" under the FMLA, as that term is defined in 29 U.S.C. §2611(2)(A).

22. In or about May 2023, Pugh applied for FMLA leave.

23. In or about May 2023, Pugh was informed that her FMLA leave was approved for December 2023 and January 2024 for the birth of her child.

24. In or about June 2023, Pugh applied for intermittent FMLA leave.

25. In or about June 2023, Pugh was informed that her intermittent FMLA leave was approved.

26. Pugh informed her supervisors she had doctor's appointments on July 11, 2023, July 18, 2023, and August 16, 2023. ("Pugh's Request for Leave").

27. Pugh's Request for Leave was denied.

28. Judith Gushe denied Pugh's Request for Leave.

29. Gushe was Pugh's supervisor.

30. On or about July 18, 2023, Pugh attended a doctor's visit.

31. Pugh's supervisors were aware of Pugh's doctor's visit.

32. Pugh's supervisors were aware of her FMLA intermittent leave.

33. Pugh's supervisors added attendance points against her for attending a doctor's visit.

34. Under Ensemble policy, employees who utilized FMLA leave were not to be given attendance points.

35. On or about July 19, 2023, Pugh complained to Human Resources Director Joshua Wolfe about the attendance points being added to her employment record ("First Protected Complaint").

36. Pugh complained about pregnancy discrimination and FMLA interference.

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000003 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000003 of 000011

37. On or about July 19, 2023, Pugh met with Wolfe and Gushe.

38. During the meeting, Pugh complained about pregnancy discrimination and FMLA interference ("Second Protected Complaint").

39. Ensemble has a policy requiring investigations following receipt of a complaint of discrimination.

40. An investigation should include interviewing the complainant.

41. An investigation should include interviewing the subject of the complaint.

42. An investigation should include interviewing the subject of the reported incident.

43. An investigation should include interviewing witnesses to the reported incident.

44. An investigation should include getting a written statement from the complainant.

45. An investigation should include getting a written statement from the subject of the complaint.

46. An investigation should include getting a written statement from the subject of the reported incident.

47. In response to Pugh's First and Second Protected Complaints, Defendant did not interview Pugh.

48. In response to Pugh's First and Second Protected Complaints, Defendant did not interview any of Pugh's coworkers or supervisors.

49. In response to Pugh's First and Second Protected Complaints, Defendant did not get a written statement from Pugh.

50. In response to Pugh's First and Second Protected Complaints, Defendant did not get a written statement from Pugh's coworkers or supervisors.

Filed        24-CI-00116    11/05/2024        Carmolitta Morgan-Pace, Leslie Circuit Clerk

51. In response to Pugh's First and Second Protected Complaints, Defendant did not get any written statements from any Ensemble employees.

52. In response to Pugh's First and Second Protected Complaints, Defendant did not take corrective action.

53. In response to Pugh's First and Second Protected Complaints, Defendant did not take corrective action against her supervisors or any other Ensemble employees.

54. Ensemble ratified the discriminatory conduct in failing to conduct an investigation into Pugh's First and Second Protected Complaints.

55. Ensemble ratified the discriminatory conduct in failing to discipline anyone following Pugh's First and Second Protected Complaints.

56. Defendant targeted Pugh in retaliation for her First and Second Protected Complaints.

57. On or about July 19, 2023, Defendant terminated Pugh's employment with Ensemble ("Termination").

58. Ensemble has a progressive disciplinary policy.

59. Ensemble used a progressive disciplinary policy.

60. Ensemble used a progressive disciplinary policy for employees who are not pregnant.

61. Ensemble used a progressive disciplinary policy for employees who are not on FMLA.

62. Under the progressive disciplinary policy, Pugh had not been given a verbal warning related to the Stated Basis for Termination.

63. Under the progressive disciplinary policy, Pugh had not been given a written warning.

64. Under the progressive disciplinary policy, Pugh had not been given a final written warning.

65. Under the progressive disciplinary policy, Pugh had not been given a suspension.

Filed        24-CI-00116    11/05/2024        Carmolitta Morgan-Pace, Leslie Circuit Clerk

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000005 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000005 of 000011

66. Prior to terminating Pugh, Defendant never issued any written communication criticizing Pugh.

67. Defendant's termination of Pugh's employment was retaliation for Pugh's First and Second Protected Complaints.

68. Defendant terminated Pugh's employment because of Pugh's pregnancy.

69. Defendant terminated Pugh's employment because of Pugh's FMLA status.

70. Defendant terminated Pugh's employment because of her First and Second Protected Complaints of discrimination.

71. By terminating Pugh's employment, Defendant made it less likely for a reasonable employee to make a report or oppose conduct like discrimination.

72. The Termination of Employment constitutes retaliation.

73. The Termination of Employment constitutes pregnancy discrimination.

74. The Termination of Employment constitutes FMLA retaliation.

75. Defendant knowing skipped progressive disciplinary steps in terminating Pugh's employment.

76. Defendant knowingly terminated Pugh's employment.

77. Defendant knowingly took an adverse employment action against Pugh.

78. Defendant knowingly took an adverse action against Pugh.

79. Defendant intentionally skipped progressive disciplinary steps in terminating Pugh.

80. Defendant intentionally terminated Pugh's employment.

81. Defendant intentionally took an adverse employment action against Pugh.

82. Defendant intentionally took an adverse action against Pugh.

Filed        24-CI-00116        11/05/2024        Carmolitta Morgan-Pace, Leslie Circuit Clerk

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000006 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000006 of 000011

83. Defendant knew that skipping progressive disciplinary steps in terminating Pugh would cause Pugh harm, including economic harm.

84. Defendant knew that terminating Pugh would cause Pugh harm, including economic harm.

85. Defendant willfully skipped progressive disciplinary steps in terminating Pugh.

86. Defendant willfully terminated Pugh's employment.

87. There was a causal connection between Pugh's pregnancy and the Termination of Employment.

88. There was a causal connection between Pugh's FMLA status and the Termination of Employment.

89. There was a causal connection between Pugh's First and Second Protected Complaints and the Termination of Employment.

90. The Termination was an adverse employment action.

91. The Termination was an adverse action.

92. After Pugh's Termination, Ensemble replaced her with someone outside of her protected class.

93. After Pugh's Termination, Ensemble replaced her with someone who was not pregnant.

94. Defendant willfully took an adverse employment action against Pugh.

95. Defendant willfully took an adverse action against Pugh.

96. Defendant discriminated against Pugh because of her pregnancy.

97. Defendant discriminated against Pugh because of her FMLA status.

98. Defendant discriminated against Pugh because of her First and Second Protected Complaints.

99. As a result of Defendant's conduct, Pugh suffered, and will continue to suffer damages and will continue to suffer damages, including economic and emotional distress damages.

## COUNT I: UNLAWFUL PREGNANCY DISCRIMINATION IN VIOLATION OF K.R.S. § 344.010 *et seq.*

100. Pugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

101. Pugh informed Defendant of her pregnancy.

102. Pugh is a member of a statutorily protected class based on her pregnancy under K.R.S. § 344.010 *et seq.*

103. Defendant treated Pugh differently than other similarly-situated employees based on her pregnancy.

104. Defendant discriminated against Pugh on the basis of her pregnancy throughout her employment with the company.

105. Defendant terminated Pugh's employment without just cause.

106. Defendant terminated Pugh's employment based on her pregnancy.

107. Defendant's discrimination against Pugh based on her pregnancy violates K.R.S. § 344.010 *et seq.*

108. As a direct and proximate result of Defendant's conduct, Pugh suffered and will continue to suffer damages.

## COUNT II: UNLAWFUL INTERFERENCE WITH FMLA RIGHTS

109. Pugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

110. Pursuant to 29 U.S.C. § 2601 *et seq.*, covered employers are required to provide employees job-protected unpaid leave for qualified medical and family situations.

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000008 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000008 of 000011

Filed    24-CI-00116    11/05/2024    Carmolitta Morgan-Pace, Leslie Circuit Clerk

111.    Ensemble is a covered employer under the FMLA.

112.    During her employment, Pugh qualified for FMLA leave.

113.    During her employment, Pugh requested FMLA leave.

114.    Defendant failed to properly advise Pugh of her rights under the FMLA.

115.    Defendant unlawfully interfered with Pugh's exercise of her rights under the FMLA in violation of Section 105 of the FMLA and section 825.220 of the FMLA regulations.

116.    Defendant's act of adding attendance points against Pugh during her FMLA leave violated and interfered with Pugh's FMLA rights.

117.    Defendant violated section 825.300(c)(1) of the FMLA and interfered with Pugh's FMLA rights when Defendant did not honor Pugh's approved use of FMLA leave.

118.    As a direct and proximate result of Defendant's conduct, Pugh is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs and reasonable attorney's fees.

### COUNT III: RETALIATION IN VIOLATION OF THE FMLA

119.    Pugh restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

120.    During her employment, Pugh utilized FMLA leave.

121.    After Pugh utilized her qualified FMLA leave, Defendant retaliated against her.

122.    Defendant retaliated against Pugh by terminating her employment.

123.    Defendant willfully retaliated against Pugh in violation of U.S.C. § 2615(a).

124.    As a direct and proximate result of Defendant's wrongful conduct, Pugh is entitled to all damages provided for in 29 U.S.C. § 2617, including liquidated damages, costs, and reasonable attorney's fees.

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000009 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000009 of 000011

Filed   24-CI-00116   11/05/2024   Carmolitta Morgan-Pace, Leslie Circuit Clerk

## DEMAND FOR RELIEF

WHEREFORE, Courtney Pugh demands from Defendant the following:

(a) Issue a permanent injunction:

    (i)      Requiring Ensemble to abolish discrimination, harassment, and retaliation;

    (ii)     Requiring allocation of significant funding and trained staff to implement all changes within two years;

    (iii)    Requiring removal or demotion of all supervisors who have engaged in discrimination, harassment, or retaliation, and failed to meet their legal responsibility to promptly investigate complaints and/or take effective action to stop and deter prohibited personnel practices against employees;

    (iv)    Creating a process for the prompt investigation of discrimination, harassment, or retaliation complaints; and

    (v)     Requiring mandatory and effective training for all employees and supervisors on discrimination, harassment, and retaliation issues, investigations, and appropriate corrective actions;

(b) Issue an order requiring Ensemble to restore Pugh to one of the positions to which she was entitled by virtue of her application and qualifications, and expunge her personnel file of all negative documentation;

(c) An award against each Defendant of compensatory and monetary damages to compensate Pugh for physical injury, physical sickness, lost wages, emotional distress, and other consequential damages, in an amount in excess of $ 25,000 per claim to be proven at trial;

(d) An award of punitive damages against each Defendant in an amount in excess of $ 25,000;

Filed   24-CI-00116   11/05/2024   Carmolitta Morgan-Pace, Leslie Circuit Clerk

5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000010 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

COM : 000010 of 000011

(e) An award of reasonable attorneys' fees and non-taxable costs for Pugh's claims as allowable under law;

(f) An award of the taxable costs of this action; and

(g) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

/s/ Samuel T. Long
Samuel T. Long (Ky. Bar 100174)
**THE SPITZ LAW FIRM, LLC**
Spectrum Office Tower
11260 Chester Road, Suite 825
Cincinnati, OH 45246
Phone: (216) 291-0244
Fax:    (216) 291-5744
Email: Sam.Long@SpitzLawFirm.com
*Attorney for Plaintiff Courtney Pugh*

## JURY DEMAND

Plaintiff Courtney Pugh demands a trial by jury by the maximum number of jurors permitted.

/s/ Samuel T. Long
Samuel T. Long (Ky. Bar 100174)
**THE SPITZ LAW FIRM, LLC**

*Attorney for Plaintiff Courtney Pugh*

| | | |
|---|---|---|
| AOC-E-105    Sum Code: CI<br>Rev. 9-14<br><br>Commonwealth of Kentucky<br>Court of Justice    *Courts.ky.gov*<br><br>CR 4.02; Cr Official Form 1 | <br><br>**CIVIL SUMMONS** | Case #: **24-CI-00116**<br><br>Court:    **CIRCUIT**<br><br>County: **LESLIE** |

*Plantiff,* **PUGH, COURTNEY VS. ENSEMBLE RCM, LLC**, *Defendant*

   TO:  **CT CORPORATION SYSTEM**

        **306 WEST MAIN STREET**

        **SUITE 512**

        **FRANKFORT, KY 40601**

Memo: Related party is ENSEMBLE RCM, LLC

The Commonwealth of Kentucky to Defendant:
**ENSEMBLE RCM, LLC**

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Leslie Circuit Clerk
Date: **11/5/2024**

---

### Proof of Service

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____ , 20 _____

_____
Served By

_____
Title

Summons ID: @00000037236
CIRCUIT: 24-CI-00116 Certified Mail
PUGH, COURTNEY VS. ENSEMBLE RCM, LLC





5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000012 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

CI : 000001 of 000001



AOC-E-105  Sum Code: CI
Rev. 9-14

Commonwealth of Kentucky
Court of Justice    *Courts.ky.gov*

CR 4.02; Cr Official Form 1

**CIVIL SUMMONS**

Case #: **24-CI-00116**

Court: **CIRCUIT**

County: **LESLIE**

---

*Plantiff,* **PUGH, COURTNEY VS. ENSEMBLE RCM, LLC**, *Defendant*

TO:  **ENSEMBLE RCM, LLC**
     **11511 REED HARMAN HIGHWAY**
     **CINCINNATI, OH 45241**

Memo:  Registered Agent of Service exists.

The Commonwealth of Kentucky to Defendant:

   You are hereby notified that a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf within twenty (20) days** following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached complaint.

The name(s) and address(es) of the party or parties demanding relief against you or his/her (their) attorney(s) are shown on the document delivered to you with this Summons.

Leslie Circuit Clerk
Date: **11/5/2024**

---

**Proof of Service**

This Summons was:

☐ Served by delivering a true copy and the Complaint (or other initiating document)

   To: _____

☐ Not Served because: _____

Date: _____, 20 _____

_____
Served By

_____
Title

Summons ID: @00000037235
CIRCUIT: 24-CI-00116 Certified Mail
PUGH, COURTNEY VS. ENSEMBLE RCM, LLC



Page 1 of 1



5B53C52A-5B7C-4B05-9E94-70BE8396ECAB : 000013 of 000014

Presiding Judge: HON. OSCAR GAYLE HOUSE (641293)

CI : 000001 of 000001

**Commonwealth of Kentucky**
**Carmolitta Morgan-Pace, Leslie Circuit Clerk**

---

**Case #: 24-CI-00116**                    **Envelope #: 9191461**

**Received From: SAMUEL LONG**              **Account Of: SAMUEL LONG**

**Case Title: PUGH, COURTNEY VS. ENSEMBLE RCM, LLC**    **Confirmation Number: 190941047**

**Filed On 11/5/2024  10:43:01AM**

---

| # | Item Description | Amount |
|---|---|---|
| 1 | Court Facilities Fee | $25.00 |
| 2 | Access To Justice Fee | $20.00 |
| 3 | Money Collected For Others(Court Tech. Fee) | $20.00 |
| 4 | Money Collected For Others(Postage) | $36.20 |
| 5 | Money Collected For Others(Attorney Tax Fee) | $5.00 |
| 6 | Library Fee | $1.00 |
| 7 | Civil Filing Fee | $150.00 |
| 8 | Charges For Services(Copy - Photocopy) | $2.60 |
| 9 | Charges For Services(Jury Demand / 12) | $70.00 |
| | **TOTAL:** | $329.80 |

Generated: 11/6/2024